```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

WARREN THOMAS BARRY,

                      Plaintiff,

vs.                                  Case No.  2:06-cv-284-FtM-29SPC

UNITED STATES OF AMERICA,

                      Defendant.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion for Summary Judgment (Doc. #23) filed on October 9, 2007. Defendant filed a Cross-Motion for Summary Judgment and Memorandum in Support of that Motion and in Opposition to Petitioner's Motion for Summary Judgment (Doc. #27) on October 30, 2007. Plaintiff filed an Opposition to Cross Motion for Summary Judgment (Doc. #30) on November 14, 2007.

On March 16, 2006, Warren Thomas Barry (Barry or petitioner) filed a Petition to Overturn Invalid IRS Collection Due Process "Determination" Lawlessly Issued Pursuant to 26 U.S.C. § 6330. (Doc. #1.) Petitioner in essence asks the Court to vacate the Internal Revenue Service's (IRS) February 17, 2006 Notice of Determination (Doc. #22-6) because he was denied an in-person Collection Due Process hearing (CDP hearing). (Doc. #1, ¶10.) The parties have stipulated that petitioner's request for a CDP hearing was timely. (Docs. ## 22, p. 5; 22-23.)

I.

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the suit under governing law. Id. The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hickson Corp. v. Northern Crossarm Co., 357 F.3d 1256, 1259-60 (11th Cir. 2004).

To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., 181 F.3d 1220, 1225 (11th Cir. 1999). If there is a conflict in the evidence, the non-moving party's evidence is to be believed and all reasonable inferences must be drawn in favor of

the non-moving party.  <u>Shotz v. City of Plantation, Fl.</u>, 344 F.3d 1161, 1164 (11th Cir. 2003).

**II.**

The summary judgment facts, as set forth in the parties' Joint Stipulation (Doc. #22) are as follows: On April 18, 2005, the IRS issued a Notice of Penalty Charge to petitioner informing him that he was being charged a penalty of $500 for filing a frivolous income tax return.  (Doc. #22-14.)  In response, petitioner sent a letter dated April 25, 2005, which stated that he did not owe any taxes on the following grounds:

> I have not entered into an employment agreement within the U.S. Government.  I am not within any IRS District or IRS Jurisdiction making me liable for such a tax.  I have terminated any and all fiduciary relationships . . . to the nom de guerre created by the Social Security Act.  My income is not derived from Estate or Gift.

(Doc. #22-15, p. 1.)  The IRS subsequently sent him a notice of its intent to levy on his assets in order to collect the $500.  (Doc. #22-16.)  In response, Barry sent the IRS another letter where he reiterated many of the same arguments articulated in his April 25, 2005 letter.  (Doc. #22-16.)  On July 12, 2005 the IRS sent petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 in the amount of $500.  (Doc. #22-20.)

On July 20, 2005, the petitioner filed a Request for a Collection Due Process Hearing, to which he attached a five page letter repeating his assertions that he did not owe any taxes.  (Doc. #22-19.)  On August 3, 2005, petitioner submitted another

request for a CDP hearing along with a four page letter asserting that the tax lien filed with the County Court is "proof of fraudulent action taken by you and your staff in complete disregard for enacted federal tax law . . . ." (Doc. #22-21, pp. 1-2.) The letter goes on to assert that the IRS has no basis for levying a fine or collecting taxes from petitioner. (Id. at p. 2.)

On November 30, 2005 IRS Settlement Officer Breazeale sent petitioner an acknowledgment of his appeal. The acknowledgment explained the appeals process and stated in relevant part that "[t]he hearing will be conducted by telephone and/or correspondence." (Doc. #22-22.) On December 23, 2005, petitioner spoke with Breazeale and requested a face-to-face hearing, but he was instructed that "it is the policy of the Office of Appeals not to offer face to face hearing when the only issues raised are frivolous." (Doc. #22-23, p. 1.) On December 29, 2005, petitioner sent Breazeale a letter reiterating his request for a face to face hearing under Section 6330(b)(1) of the Internal Revenue Code. (Doc. #22-24, p. 1.) On January 6, 2006, Breazeale sent a response to petitioner's December 2005 letter. The letter stated that "this is your hearing[]" and stated that petitioner's arguments regarding the IRS's ability to collect taxes from private citizens "have been tested in the courts, including the Supreme Court. The Office of Appeals can not consider these arguments." (Doc. #22-25, p. 1.) The letter gave petitioner until January 20, 2006 to submit additional evidence for consideration. (Id. at p. 2.)

-4-

On February 17, 2006, having received no additional information from petitioner, the IRS sent a Notice of Determination Concerning Collection Action Under Section 6320 (Lien) and/or 6330 (Levy) of the Internal Revenue Code.  The Notice notified petitioner that the Office of Appeals has upheld the notice of levy and filing the lien.  (Doc. #22-26, p. 2.)  Subsequently, Barry filed the instant petition now before the Court.  Additional facts are set below as needed.

### III.

Under 26 U.S.C. § 6702, the IRS may assess a civil penalty of $500.00 against anyone who "files what purports to be [an income tax] return," but which "does not contain information on which the substantial correctness of the self-assessment may be judged" or contains "information that on its face indicates that the self-assessment is substantially incorrect," and is based on "a position which is frivolous."  26 U.S.C. § 6702.  The test for frivolousness under § 6702 is an objective one.  Kahn v. United States, 753 F.2d 1208, 1214 (3d Cir. 1985).  "Section 6702 does not define . . . frivolous, but whatever else is meant by the term frivolous, it is reasonable to conclude that a claim is frivolous when there is no argument on either the law or the facts to support it."  Id.  If the IRS assesses a penalty pursuant to § 6702, the IRS may begin collection activity as allowed by statute, including filing liens and levies against the individual's property.  However, before the

IRS can issue a levy against any of the individual's property, the IRS must follow certain procedures as outlined in 26 U.S.C. § 6330.

Under § 6330, taxpayers are entitled to written notification of the IRS's intent to levy, an opportunity for an independent hearing by the IRS Appeals Office, and judicial review of the Appeals Office's determination. At the Appeals Office hearing, the taxpayer is entitled to raise any relevant issue, including offers of collection alternatives and challenges to the underlying tax liability if the individual did not previously have an opportunity to dispute such tax liability. See 26 U.S.C. § 6330(c)(2)(A).

The IRS Appeals Officer must then verify that all applicable statutes and procedures have been followed and satisfied, and must consider any relevant arguments raised by the taxpayer. The Appeals Officer will then make a determination as to "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any necessary collection action be no more intrusive than necessary." 26 U.S.C. § 6330(c)(3). Based on these considerations, the Appeals Office will then issue a final determination. If the taxpayer is not satisfied with the determination by the IRS Appeals Office, the taxpayer may appeal the determination to the Tax Court, or in cases involving

assessments over which there is no Tax Court jurisdiction, to the U.S. district court.[1]  See 26 U.S.C. § 6330(d)(1).

**IV.**

In the present case, the IRS imposed penalties on Plaintiff for a frivolous return in violation of 26 U.S.C. § 6702. Plaintiff's income tax return for 2000 showed "0" income and "0" tax liability (Doc. #22-6, p. 3), even though the CP-518 Notice showed taxable income for that year.  In support of his "zero return," plaintiff attached a one page letter of "anti-tax" arguments (Doc. #22-6, p. 1).  In this respect, the Court notes that multiple other courts have upheld such a penalty assessment in similar cases where taxpayers filed a "zero return" based on various "tax protester" arguments.  See, e.g., Anderson v. United States, 754 F.2d 1270, 1271 (5th Cir. 1985)("Moreover, the Andersons' purported justifications for omitting their wage and interest income from their Form 1040 were patently frivolous. We have repeatedly rejected Mr. Anderson's contention that Congress is not empowered by the Constitution to levy a tax on wage and salary income."); Sullivan v. United States, 788 F.2d 813, 815 (1st Cir. 1986); Holker v. United States, 737 F.2d 751, 752 (8th Cir. 1984). Plaintiff has failed to raise any genuine issue of material fact

---

[1] Section 6330(d) has been amended so that IRS determinations made after October 16, 2006, are appealable only to the Tax Court. Pension Protection Act of 2006, Pub. L. 109-280, §855.  This case involves a determination made prior to that date, and thus under the previous version of 26 U.S.C. § 6330(d) the district court is the reviewing court.

with respect to the imposition of this penalty, and the Court finds that Plaintiff's 2000 return was clearly frivolous on its face. Therefore, the Court concludes as a matter of law that the frivolous return penalty was properly assessed in this case.

Plaintiff contends, however, that the IRS determination is nevertheless invalid because the IRS failed to follow the § 6330 statutory requirements for hearings and appeals, particularly because it failed to: (1) provide him with an in-person face-to-face hearing; (2) provide verification that the requirements of any applicable law or administrative procedure have been met; and (3) consider the amended CDP hearing request which did not contain any political, ethical or constitutional arguments. (Doc. #2, pp. 1-2.)

**(1)**

The Code of Federal Regulations governing a CDP hearing makes clear that a face-to-face hearing is not required. Specifically, 26 C.F.R. § 301.6330-1 at A-D6 states that "CDP hearings are much like Collection Appeal program (CAP) hearings in that they are informal in nature and do not require the Appeals officer or employee and the taxpayer, or the taxpayer's representative, to hold a face-to-face meeting." Instead, a procedurally proper CDP hearing may consist of "one or more written or oral communications between an Appeals officer or employee and the taxpayer or the taxpayer's representative, or some combination thereof." Id. Indeed, the need for a face-to-face hearing appears minimal, and in

turn a telephonic or correspondence hearing seems appropriate, as the taxpayer is not permitted to subpoena or examine witnesses at the CDP hearing. Id.

Case law echoes the instruction of the Regulations. It has been consistently held that in-person interviews are not required in a § 6330 hearing. See Tinnerman v. I.R.S., 156 Fed. App. 111, 112 (11th Cir. 2005); see also Murphy v. Comm'r of Internal Revenue, 469 F.3d 27, 30 (1st Cir. 2006)(CDP hearing is informal and no face-to-face meeting is necessary); Tilley v. United States, 270 F. Supp 2d 731 (M.D.N.C. 2003), aff'd, 85 Fed. Appx. 333 (4th Cir. 2004)(face-to-face hearing not required, but rather telephone conversations sufficed). Furthermore, the Court notes that there is no evidence that a "face-to-face CDP hearing would have been anything but fruitless and a waste of IRS resources." Tinnerman, 156 Fed. Appx. at 113. Therefore, the Court concludes that the hearing provided by IRS in this case was sufficient to satisfy petitioner's due process rights under the Constitution and § 6330, and Plaintiff's challenge on this basis fails as a matter of law.

**(2)**

Petitioner also asserts that the IRS failed to provide him with verification that all laws and procedures were followed pursuant to 26 U.S.C. § 6330(c)(2). (Doc. #2, ¶9.) The respondent counters that Breazeale did conduct the requisite verifications under Section 6330 and that petitioner was also provided with that information. (Docs. ## 27, p. 13; 22-23; 22-26, p. 3.) The Court

-9-

agrees with the respondent. The Eleventh Circuit has stated that "[s]ection 6330(c)(1) does not require the Appeals officer to give the taxpayer a copy of the verification that the requirements of any applicable law or administrative procedure have been met." <u>Roberts v. Comm'r of Internal Revenue</u>, 329 F.3d 1224, 1228 (11th Cir. 2003)(internal citations and quotations omitted). In this case the Summary and Recommendation (Doc. #22-26, pp. 3-4) contained a section entitled "Verification of Legal and Administrative Procedural Requirements" wherein the IRS outlined their obligations and the actions taken to fulfill those obligations. Thus, the Court finds that petitioner's challenge on this basis fails as a matter of law.

**(3)**

Finally, petitioner asserts that the Appeals Office failed to consider the December 29, 2005 amended CDP hearing request which did not contain any political, ethical or constitutional arguments. (Doc. #2, ¶¶ 10-11.) The Court disagrees. It is true that the Summary and Recommendation (Doc. #22-26, p. 3) attached to the February 17, 2006 Notice of Determination only references petitioner's CDP hearing requests filed on July 22, 2005 and August 3, 2005; there is no mention of petitioner's December 29, 2005 request. However, the record evidence establishes that the IRS considered petitioner's December 29, 2005 CDP hearing request (<u>see</u> Docs. ## 22-23; 22-25). The failure to list the December 29, 2005 CDP request on the Summary and Recommendation is at most harmless

error because there is no substantial doubt that the IRS would have reached the same result.  See Alabama Hosp. Ass'n v. Beasley, 702 F.2d 955, 958 n.8 (11th Cir. 1983).  Therefore, respondent is entitled to summary judgment as to this issue.

Accordingly, it is now

**ORDERED**:

1.   Plaintiff's Motion for Summary Judgment (Doc. #23) is **DENIED**.

2.   Defendant's Cross-Motion for Summary Judgment (Doc. #27) is **GRANTED**.

3.   The Clerk is directed to enter judgment in favor of the United States and against Warren Thomas Barry.  The Clerk is further directed to terminate all deadlines and close the case.

**DONE AND ORDERED** at Fort Myers, Florida, this __20th__ day of March, 2008.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge


Copies:
Counsel of record